UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Terry Heggs, | Case No. 20-cv-2302 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Department of Corrections, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Terry Heggs's application to proceed *in forma pauperis* ("IFP") on appeal. [ECF No. 39]. On April 4, 2022, Mr. Heggs filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit. [ECF No. 36]. In his Notice, Mr. Heggs writes:

> I would like to appeal this matter. The case was thrown out claiming lack of evidence after suddenly the defenders put in a motion to switch judges. . . . . This file should not be in any form be tossed out just because these correctional officers abused the power that was trusted in them to abide by and they didn't. This file should not be tossed out simply because these correctional officers feel as though they can play the law and how they feel and have no repercussions should I apply to them for breaking the laws of the job they swore an oath to uphold. . . .

[*Id.*]. In response, the Clerk of Court sent Mr. Heggs a letter informing him that he would either need to pay the appellate filing fee or file an IFP application. [ECF No. 37]. On May 6, 2022, Mr. Heggs responded, filing another Notice of Appeal similar to the first and an IFP application. [ECF Nos. 38, 39].

A litigant who seeks to be excused from paying the $505 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status,

1

the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status may be denied when the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether an appeal is taken in good faith, courts consider whether the claims to be decided on appeal are factually frivolous, *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962), which is the case when an appeal "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Having reviewed Mr. Heggs's application to proceed IFP on appeal, which reflects that he has no substantial source of income, the Court finds that he is financially eligible for IFP status on appeal.[1] However, the IFP application is denied because the appeal is not taken "in good faith" for purposes of Federal Rule of Appellate Procedure 24. Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith.").

Federal appellate courts have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. Here, although Mr. Heggs states that his case was "thrown out claiming lack of evidence," he is mistaken. The Defendants have filed a motion for summary judgment, which they are permitted to do under Federal Rule of

---

[1] The Court also notes that Mr. Heggs was granted permission to proceed IFP in District Court when he filed this action. [ECF No. 2].

Civil Procedure 56, and they have argued that they are entitled to judgment as a matter of law based on the evidentiary record in this matter. [ECF Nos. 21, 22]. However, when Mr. Heggs filed his April 4th Notice of Appeal and his second Notice on May 6th, the Defendants' motion remained pending, as it does today. In short, there has been no final decision of the District Court from which an appeal could be taken, and Mr. Heggs's Notice of Appeal is premature. Under these circumstances, courts deny IFP applications like the one filed by Mr. Heggs. *See Smith v. City of Moorhead*, No. CV 20-2533 (JRT/LIB), 2021 WL 2221623, at *2 (D. Minn. June 2, 2021) ("[A]s there was no final judgment yet to appeal, this application was premature. . . . As such, the Court will deny the Application to Proceed IFP on Appeal without prejudice, which will allow Smith an opportunity to refile a proper application at the appropriate time."); *Sorenson v. Minn. Dep't of Human Servs.*, No. Civil No. 15-1573 (ADM/LIB), 2015 WL 2374198, at *3 (D. Minn. May 18, 2015) (denying application to proceed IFP on appeal as premature where no final decision had been issued and no interlocutory appeal had been certified under 28 U.S.C. § 1292(b)).

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's application to proceed *in forma pauperis* on appeal [ECF No. 39] is **DENIED WITHOUT PREJUDICE**.

Date: May 20, 2022

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge